**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, Esq. (SBN. 277669)
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff Jason Gillespie

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GILLESPIE,<br><br>   Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; JOSEPH ALLEMAND; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. UNLAWFUL SEIZURE OF PERSON (U.S. CONST. AMEND. 4);<br>2. VIOLATION OF FREEDOM OF SPEECH (U.S. CONST. AMEND. 1);<br>3. EXCESSIVE / UNREASONABLE FORCE (U.S. CONST. AMEND. 4);<br>4. MUNICIPAL LIABILITY (*Monell* Liability) FOR FAILURE TO TRAIN AND/OR DISCIPLINE DEPUTIES and OFFICERS (U.S. CONST. AMENDS. 1, 4 & 14);<br>5. MUNICIPAL LIABILITY (*Monell* Liability) FOR CUSTOM / PRACTICE / POLICY (U.S. CONST. AMENDS. 1, 4 & 14)<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES
1

**COMES NOW** Plaintiff Jason Gillespie and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Jason Gillespie, hereinafter referred to as "GILLESPIE" or "Plaintiff GILLESPIE", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

4. Defendant County of Orange, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

5. Defendant Joseph L Allemand, hereinafter also referred to as "ALLEMAND", is, and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Orange County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was

acting in the course of and within the scope of his employment with defendant COUNTY.

6.  Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the Orange County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

7.  At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Orange County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

8.  Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains

and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Orange County Sheriff's Department and/or defendant County of Orange, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Orange County Sheriff's Department for, *inter alia*,: 1) for unlawfully seizing persons; 2) using excessive force upon persons; 3) for retaliating against persons for exercising freedom of speech; 4) fabricating evidence to procure the bogus criminal prosecutions of and the false convictions of innocents; and 5) covering up tortious conduct by Orange County Sheriff's Department peace officers.

    9.    At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Orange County Sheriff's

Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

10. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Orange County Sheriff's Department and/or otherwise with defendant COUNTY[1].

11. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

12. In addition to the above and foregoing, Defendants ALLEMAND, and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

---

[1] Such as a COUNTY executive officer.

13. Defendants ALLEMAND, and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

14. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights -
Excessive/Unreasonable Use of Force on Person
(Against ALLEMAND and DOES 1 through 6, inclusive)**

15. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14, inclusive, above, as if set forth in full herein.

16. During the evening of March 14, 2020, GILLESPIE was driving home from dinner when he was stopped by ALLEMAND for apparently having a broken taillight.

17. GILLESPIE was driving his girlfriend's vehicle and his girlfriend, Lisa Bluemel ("BLUEMEL"), was following GILLESPIE in GILLESPIE's vehicle.

COMPLAINT FOR DAMAGES
6

18. When GILLESPIE pulled over, BLUEMEL pulled her vehicle over as well.

19. When ALLEMAND approached GILLESPIE's vehicle, BLUEMEL got out of her vehicle to tell ALLEMAND that GILLESPIE suffered from post-traumatic-stress-disorder born of his three tours of combat duty in Afghanistan.

20. However, Defendant ALLEMAND deemed that BLUEMEL was interfering with his investigation of GILLESPIE and detained her for allegedly violating Penal Code § 148(a)(1) and placed her in the back of his patrol vehicle.

21. Additional Orange County Sheriff's deputies arrived on scene to detain GILLESPIE while ALLEMAND dealt with BLUEMEL.

22. GILLESPIE then began verbally protesting the fact that BLUEMEL was being arrested.

23. The two additional deputies told GILLESPIE to lock up his car and start walking home.

24. GILLESPIE locked his car and began walking away from the area.

25. At this point, GILLESPIE's contact with ALLEMAND and DOES 1 through 6, inclusive, had ended.

26. Still upset that BLUEMEL was being arrested, GILLESPIE began talking to himself in frustration about the situation, as he was walking away.

27. ALLEMAND heard GILLESPIE cursing as GILLESPIE was walking away and believed that GILLESPIE was cursing at ALLEMAND.

COMPLAINT FOR DAMAGES

28. Notwithstanding the fact that GILLESPIE had already been told that he could leave the area and was walking away from ALLEMAND and the deputies, ALLEMAND retaliated against GILLESPIE's speech by pulling out his taser and yelled at GILLESPIE "Get on the ground, I'm going to tase you."

29. GILLESPIE then stopped walking and merely said, "Why, I wasn't talking to you?"

30. ALLEMAND then fired his taser at GILLESPIE, striking GILLESPIE in the chest and electrocuted him.

31. ALLEMAND shot his taser at GILLESPIE only two seconds after he warned GILLESPIE that he'd be tasered.

32. GILLESPIE then screamed in pain.

33. In response to GILLESPIE screaming in pain, ALLEMAND yelled, "When I say 'Get on the ground, I'm gonna taser you,' you dive to the ground, and you didn't." Followed by, "That's how this works dude. Understand? This is gonna turn out to be a long night for you."

34. ALLEMAND then further retaliated against GILLESPIE by arresting GILLESPIE on a bogus charge of violating Penal Code sec. 69.

35. GILLESPIE was physically tortured by ALLEMAND and DOES 1 through 6, inclusive, with the use of a taser.

36. The actions of Defendants ALLEMAND and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of GILLESPIE's

rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

37. As a direct and proximate result of the actions of Defendants ALLEMAND, and DOES 1 through 6, inclusive, GILLESPIE was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $4,000,000.00.

38. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of GILLESPIE's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save COUNTY, in an amount to be proven at trial, in excess of $2,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of First Amendment Rights - Freedom of Speech**
**(Against Defendants ALLEMAND and DOES 1 through 6, inclusive)**

39. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 38, inclusive, above, as if set forth in full herein.

40. Moreover, the conduct of Defendant ALLEMAND, and DOES 1 through 6, inclusive, violated GILLESPIE's right to freedom of speech,

specifically when ALLEMAND, and DOES 1 through 6, inclusive retaliated against GILLESPIE for making a complaint against them.

41. A substantial or motivating factor in the decisions of the various defendants to take the adverse actions against plaintiff as complained of in this action, was GILLESPIE's exercise of his right to freedom of speech under the First Amendment to the United States Constitution.

42. Moreover, said defendants would not have taken said adverse actions against GILLESPIE, had GILLESPIE not exercised his right to freedom of speech under the First Amendment to the United States Constitution.

43. The conduct of ALLEMAND, and DOES 1 through 6, inclusive, would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity.

44. As a direct and proximate result of said adverse actions taken against said plaintiff by said defendants as described above, plaintiff suffered serious bodily injury, severe mental and emotional distress, medical and psychological costs and expenses, lost wages / profits, attorney's fees and other special damages; all in an amount to be proven at trial, in excess of $4,000,000.00.

45. The actions of defendants and each of them, as complained of herein, were done maliciously and in reckless disregard of plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against said defendants,

save defendant COUNTY, in an amount to be proven at trial, in excess of $2,000,000.00.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
(Against Defendant COUNTY)

46. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45, inclusive, above, as if set forth in full herein.

47. As complained of herein above, the acts of Defendants ALLEMAND, and DOES 1 through 6, deprived plaintiff of his rights under the laws of the United States and The United States Constitution.

48. The training policies of COUNTY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted plaintiff, including training on: 1) when they are permitted to arrest persons; 2) training peace officers that they may not retaliate against persons for exercising constitutionally protected speech; 3) that persons are allowed to make complaints against peace officers; and 4) when they are permitted to use force against persons, including when they are permitted to use a taser against persons.

49. COUNTY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

COMPLAINT FOR DAMAGES
11

50. The failure of COUNTY to provide adequate training caused the deprivation of plaintiff's rights by Defendants ALLEMAND, and DOES 1 through 6, inclusive.

51. COUNTY's failure to train is closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused plaintiff's injuries.

52. As a direct and proximate result of the actions of defendants ALLEMAND, and DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $4,000,000.00.

**FOURTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or Custom**
**(Against Defendant COUNTY)**

53. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52 inclusive, above, as if set forth in full herein.

54. As shown above, the actions of Defendants ALLEMAND, and DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution, as described above.

55. At all times complained of herein, defendants ALLEMAND, and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Orange County Sheriff's Department / defendant COUNTY: 1) for unlawfully arresting persons; 2) for retaliating against persons who are exercising constitutionally protected speech; 3) for using excessive force upon persons; and 4) for covering-up unlawful and tortious conduct by Orange County Sheriff's Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

56. The Orange County Sheriff's Department routinely retaliates against persons for exercising speech protected by the first amendment[2]

---

[2] The Orange County Sheriff's Department also routinely retaliates against persons for exercising speech protected by the First Amendment. *See, Sharp v. County of Orange, et al.*; Ninth Circuit Court of Appeals Case Number Case: 15-56146 (showing Orange County Sheriff's Department Deputy Sheriffs engaged in First Amendment retaliation for protected speech). *See also,* Hon. Cormac Carney, District Judge's order denying summary judgment to County of Orange for First Amendment retaliation in *Nancy Butano v. County of Orange, et al.*; Case 8:11-cv-00691-CJC - MLG. *"Plaintiffs have presented sufficient evidence to withstand summary judgment on their fourth and fifth § 1983 causes of action for violation of Ms. Butano's First Amendment right to free speech and right to petition the government for redress of grievances. Plaintiffs contend that the County has a longstanding practice of requiring bail for misdemeanor violations of Cal. Penal Code § 148(a)(1) instead of citing and releasing arrestees pursuant to Cal. Penal Code § 853.6.15 Plaintiffs allege that this practice "is designed to chill and/or punish protected speech and protest of the police." (Pls.' Mem., at 9.) Defendants note that booking misdemeanor arrestees is entirely consistent with § 853.6 and argue that there is insufficient evidence to show a longstanding practice of requiring people arrested for § 148(a)(1) to post bail instead of being released on a citation. (Defs.' Reply, at 8–9.) However, Deputy Flores testified in her deposition that in her time working at the Orange County Jail, she personally has witnessed § 148(a)(1) arrestees be required to post bail to be released "at least twice."* (Flores Dep. 67:21–68:03.) *She further testified that such procedure is routine. (Id. 66:13–67:20.) In the instant case, Ms. Butano was not booked and immediately released for resisting arrest in violation of § 148(a)(1). Rather, she was booked into the Orange County Jail*

57. Said actions of said defendants were done by them under the color of state law.

58. As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants COUNTY, above-described, said defendants committed said actions complained of above.

59. As a direct and proximate result of the actions of defendants COUNTY, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $4,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $4,000,000.00;

---

*at approximately 11:00 pm on February 10 after receiving hospital treatment, and was transferred to different holding cells throughout the night and next day. (Butano Decl. ¶¶ 53, 55.) Around 7:00 pm on February 11, she was taken to a standard cell with a cell-mate, where she remained until 11:00 pm. (Id. ¶ 55.) Ms. Butano was then released from the jail after posting a $500 bail bond. (Id. ¶ 56.) Ms. Butano's experience and Deputy Flores' testimony create triable issues of fact regarding whether the County has a policy of detaining § 148(a)(1) arrestees for a prolonged period of time and requiring them to post bail in order to punish speech critical of law enforcement. Accordingly, partial summary judgment for the County on Plaintiffs' fourth and fifth causes of action is denied."* Hon. Cormac Carney, District Judge.

COMPLAINT FOR DAMAGES

14

b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $2,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

                               */S/ Gregory Peacock*_____
                                GREGORY PEACOCK