S. FRANK HARRELL – SBN 133437
sharrell@lynberg.com
MELISSA D. CULP – SBN 265159
mculp@lynberg.com
JONATHAN A. ARJONILLA – SBN 305866
jarjonilla@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, COUNTY OF ORANGE and JOSEPH ALLEMAND

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GILLESPIE,<br><br>              Plaintiff,<br><br>      vs.<br><br>COUNTY OF ORANGE; JOSEPH ALLEMAND; and DOES 1 through 10, inclusive,<br><br>              Defendant(s). | CASE NO. 8:21-cv-00698 SSS (DFMx)<br><br>*Assigned for All Purposes to:*<br>*Hon. Sunshine Suzanne Sykes –*<br>*Riverside – Courtroom 2*<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>*Trial Date:*     March 6, 2023<br>*Complaint filed: April 15, 2021* |

1
**[PROPOSED] PROTECTIVE ORDER**

**[PROPOSED] PROTECTIVE ORDER**

**I.**   **PURPOSES AND LIMITATIONS**

A.     Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**II.**   **GOOD CAUSE STATEMENT**

A.     This action involves information which one or more of the parties contend special protection from use for any purpose other than litigation of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, internal policies, procedures, and training materials, which are generally not available to the public. This information may be privileged, and its disclosure may impact the County Sheriff's Department's operations and safety.  Additionally, Defendants intend to produce documents that contain personal and confidential information regarding individuals which information is generally unavailable to the public, including third party identities and information, including potential criminal and victim information who are not involved with the present litigation. The disclosure of these types of information to the public may violate

1  these individuals' privacy rights.  Indeed, this information may be privileged, and its
2  disclosure may subject possible liability on the parties for any alleged improper
3  disclosure.

4       Accordingly, to expedite the flow of information, to facilitate the prompt
5  resolution of disputes over confidentiality of discovery materials, to adequately
6  protect information the parties are entitled to keep confidential, to ensure that the
7  parties are permitted reasonable necessary uses of such material in preparation for
8  and in the conduct of trial, to address their handling at the end of the litigation, and
9  serve the ends of justice, a protective order for such information is justified in this
10 matter. It is the intent of the parties that the information will not be designated as
11 confidential for tactical reasons and that nothing be so designated without a good
12 faith belief that is has been maintained in a confidential, non-public manner, and
13 there is a good cause why it should not be part of the public record of this case.

14 **III.   DEFINITIONS**

15       A.   Action:  This pending federal law suit.

16       B.   Challenging Party:  A Party or Non-Party that challenges the
17 designation of information or items under this Order.

18       C.   "CONFIDENTIAL" Information or Items:  Information (regardless of
19 how it is generated, stored or maintained) or tangible things that qualify for
20 protection under Federal Rule of Civil Procedure 26(c), and as specified above in
21 the Good Cause Statement.

22       D.   Counsel:  Counsel of Record and House Counsel for the parties herein
23 (as well as their support staff).

24       E.   Designating Party:  A Party or Non-Party that designates information or
25 items that it produces in disclosures or in responses to discovery as
26 "CONFIDENTIAL."

27       F.   Disclosure or Discovery Material:  All items or information, regardless

28

1   of the medium or manner in which it is generated, stored, or maintained (including,
2   among other things, testimony, transcripts, and tangible things), that are produced or
3   generated in disclosures or responses to discovery in this matter.

4        G.    <u>Expert</u>:  A person with specialized knowledge or experience in a matter
5   pertinent to the litigation who has been retained by a Party or its counsel to serve as
6   an expert witness or as a consultant in this Action.

7        H.    <u>House Counsel</u>:  Attorneys who are employees of a party to this Action.
8   House Counsel does not include Outside Counsel of Record or any other outside
9   counsel.

10       I.    <u>Non-Party</u>:  Any natural person, partnership, corporation, association,
11   or other legal entity not named as a Party to this action.

12       J.    <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a
13   party to this Action but are retained to represent or advise a party to this Action and
14   have appeared in this Action on behalf of that party or are affiliated with a law firm
15   which has appeared on behalf of that party, and includes support staff.

16       K.    <u>Party</u>:  Any party to this Action, including all of its officers, directors,
17   employees, consultants, retained experts, and Outside Counsel of Record (and their
18   support staffs).

19       L.    <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or
20   Discovery Material in this Action.

21       M.    <u>Professional Vendors</u>:  Persons or entities that provide litigation
22   support services (e.g., photocopying, videotaping, translating, preparing exhibits or
23   demonstrations, and organizing, storing, or retrieving data in any form or medium)
24   and their employees and subcontractors.

25       N.    <u>Protected Material</u>:  Any Disclosure or Discovery Material that is
26   designated as "CONFIDENTIAL".

27       O.    <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery

28

1 | Material from a Producing Party.

2 | **IV.   <u>SCOPE</u>**

3 |     A.     The protections conferred by this Stipulation and Order cover not only
4 | Protected Material (as defined above), but also (1) any information copied or
5 | extracted from Protected Material; (2) all copies, excerpts, summaries, or
6 | compilations of Protected Material; and (3) any testimony, conversations, or
7 | presentations by Parties or their Counsel that might reveal Protected Material.

8 |     B.     Any use of Protected Material at trial shall be governed by the orders of
9 | the trial judge.  This Order does not govern the use of Protected Material at trial.

10 | **V.   <u>DURATION</u>**

11 |     Even after final disposition of this litigation, the confidentiality obligations
12 | imposed by this Order shall remain in effect until a Designating Party agrees
13 | otherwise in writing or a court order otherwise directs.  Final disposition shall be
14 | deemed to be the later of (1) dismissal of all claims and defenses in this Action, with
15 | or without prejudice; and (2) final judgment herein after the completion and
16 | exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,
17 | including the time limits for filing any motions or applications for extension of time
18 | pursuant to applicable law.

19 | **VI.   <u>DESIGNATING PROTECTED MATERIAL</u>**

20 |     A.     Exercise of Restraint and Care in Designating Material for Protection

21 |     1.     Each Party or Non-Party that designates information or items for
22 | protection under this Order must take care to limit any such designation to specific
23 | material that qualifies under the appropriate standards.  The Designating Party must
24 | designate for protection only those parts of material, documents, items, or oral or
25 | written communications that qualify so that other portions of the material,
26 | documents, items, or communications for which protection is not warranted are not
27 | swept unjustifiably within the ambit of this Order.

28 |

**5**
**[PROPOSED] PROTECTIVE ORDER**

2.      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.      Manner and Timing of Designations

1.      Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.      Designation in conformity with this Order requires the following:

a.      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.      A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has

**[PROPOSED] PROTECTIVE ORDER**

identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

c.       For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

d.       For information produced in form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C.       Inadvertent Failure to Designate

1.       If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

VII. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A.       Timing of Challenges

1.       Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.       Meet and Confer

1      1.      The Challenging Party shall initiate the dispute resolution process

2  under Local Rule 37.1 et seq.

3      C.      The burden of persuasion in any such challenge proceeding shall be on

4  the Designating Party.  Frivolous challenges, and those made for an improper

5  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

6  parties) may expose the Challenging Party to sanctions.  Unless the Designating

7  Party has waived or withdrawn the confidentiality designation, all parties shall

8  continue to afford the material in question the level of protection to which it is

9  entitled under the Producing Party's designation until the Court rules on the

10  challenge.

11  **VIII.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

12      A.      Basic Principles

13      1.      A Receiving Party may use Protected Material that is disclosed or

14  produced by another Party or by a Non-Party in connection with this Action only for

15  prosecuting, defending, or attempting to settle this Action.  Such Protected Material

16  may be disclosed only to the categories of persons and under the conditions

17  described in this Order.  When the Action has been terminated, a Receiving Party

18  must comply with the provisions of Section XIV below.

19      2.      Protected Material must be stored and maintained by a Receiving Party

20  at a location and in a secure manner that ensures that access is limited to the persons

21  authorized under this Order.

22      B.      Disclosure of "CONFIDENTIAL" Information or Items

23      1.      Unless otherwise ordered by the Court or permitted in writing by the

24  Designating Party, a Receiving Party may disclose any information or item

25  designated "CONFIDENTIAL" only to:

26      a.      The Receiving Party's Outside Counsel of Record in this Action, as

27  well as employees of said Outside Counsel of Record to whom it is reasonably

28

1 | necessary to disclose the information for this Action;

2 |      b.    The officers, directors, and employees (including House Counsel) of

3 | the Receiving Party to whom disclosure is reasonably necessary for this Action;

4 |      c.    Experts (as defined in this Order) of the Receiving Party to whom

5 | disclosure is reasonably necessary for this Action and who have signed the

6 | "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7 |      d.    The Court and its personnel;

8 |      e.    Court reporters and their staff;

9 |      f.    Professional jury or trial consultants and Professional Vendors to

10 | whom disclosure is reasonably necessary or this Action and who have signed the

11 | "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

12 |      g.    The author or recipient of a document containing the information or a

13 | custodian or other person who otherwise possessed or knew the information;

14 |      h.    During their depositions, witnesses, and attorneys for witnesses, in the

15 | Action to whom disclosure is reasonably necessary provided: (i) the deposing party

16 | requests that the witness sign the "Acknowledgment and Agreement to Be Bound;"

17 | and (ii) they will not be permitted to keep any confidential information unless they

18 | sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed

19 | by the Designating Party or ordered by the Court.  Pages of transcribed deposition

20 | testimony or exhibits to depositions that reveal Protected Material may be separately

21 | bound by the court reporter and may not be disclosed to anyone except as permitted

22 | under this Stipulated Protective Order; and

23 |      i.    Any mediator or settlement officer, and their supporting personnel,

24 | mutually agreed upon by any of the parties engaged in settlement discussions.

25 | IX.   **PROTECTED MATERIAL SUPOENAED OR ORDERED PRODUCED**

26 |      **IN OTHER LITIGATION**

27 |      A.    If a Party is served with a subpoena or a court order issued in other

28 |

litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

1.    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

2.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

3.    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

1  subject to an agreement with the Non-Party not to produce the Non-Party's

2  confidential information, then the Party shall:

3      1.    Promptly notify in writing the Requesting Party and the Non-Party that

4  some or all of the information requested is subject to a confidentiality agreement

5  with a Non-Party;

6      2.    Promptly provide the Non-Party with a copy of the Stipulated

7  Protective Order in this Action, the relevant discovery request(s), and a reasonably

8  specific description of the information requested; and

9      3.    Make the information requested available for inspection by the Non-

10  Party, if requested.

11      C.    If the Non-Party fails to  seek a protective order from this court within

12  14 days of receiving the notice and accompanying information, the Receiving Party

13  may produce the Non-Party's confidential information responsive to the discovery

14  request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

15  not produce any information in its possession or control that is subject to the

16  confidentiality agreement with the Non-Party before a determination by the court.

17  Absent a court order to the contrary, the Non-Party shall bear the burden and

18  expense of seeking protection in this court of its Protected Material.

19  **XI.**    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

20      A.    If a Receiving Party learns that, by inadvertence or otherwise, it has

21  disclosed Protected Material to any person or in any circumstance not authorized

22  under this Stipulated Protective Order, the Receiving Party must immediately (1)

23  notify in writing the Designating Party of the unauthorized disclosures, (2) use its

24  best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform

25  the person or persons to whom unauthorized disclosures were made of all the terms

26  of this Order, and (4) request such person or persons to execute the

27  "Acknowledgment and Agreement to be Bound", attached hereto as Exhibit A.

28

**XII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

A.      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**XIII.  <u>MISCELLANEOUS</u>**

A.      Right to Further Relief

1.      Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.      Right to Assert Other Objections

1.      By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.      Filing Protected Material

1.      A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the

Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV.  FINAL DISPOSITION

A.     After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO ORDERED.**

Dated: <u>December 7, 2022</u>

HON. DOUGLAS F. McCORMICK
Unite  States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on [date] in the case of **[Jason Gillespie v. County

of Orange, et al., Case No. 8:21-cv-00698-SSS-DFM].** I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

---

**14**
**[PROPOSED] PROTECTIVE ORDER**