JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GILLESPIE,<br><br>     Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; JOSEPH ALLEMAND; and DOES 1 through 10, inclusive,<br><br>     Defendant(s). | CASE NO. 8:21-cv-00698-SSS-(DFMx)<br><br>*Assigned for All Purposes to:*<br>*Hon. Sunshine Suzanne Sykes –*<br>*Riverside – Courtroom 2*<br><br>**JUDGMENT**<br><br>*Trial Date: March 6, 2023* |

# JUDGMENT

On April 15, 2021, Plaintiff Jason Gillespie filed his operative Complaint against Defendants County of Orange and Joseph Allemand before the Hon. James V. Selna. (Dkt. No. 1). On July 23, 2021, the Court granted Defendants' Fed. R. Civ. Proc. 12(b)(6) Motion to Dismiss, with thirty days leave to amend, as to Plaintiff's causes of action against the County of Orange for alleged "Failure to Properly Train and Failure to Properly Hire/Fire/Discipline" (Claim 3) and for alleged unconstitutional "Policy, Practice or Custom" (Claim 4). (Dkt. No. 19). Plaintiff elected not to amend his claims against the County of Orange and his case thereafter proceeded against Defendant Allemand alone.

On August 9, 2021, Defendant Allemand filed his Answer to Plaintiff's Complaint as to Plaintiff's remaining causes of action for "Excessive/ Unreasonable Use of Force on Person" (42 U.S.C. § 1983; Fourth Amendment) and "Freedom of Speech" (42 U.S.C. § 1983; First Amendment). (Dkt. No. 20). The Answer requested trial by jury. (Id.)

On May 18, 2022, the Court approved the parties' stipulation and made certain factual and legal findings in advance of trial. Specifically, the Court found that Orange County Sheriff's Department personnel had probable cause at relevant times during the subject incident to arrest Plaintiff for violations of Vehicle Code §§ 14601.2(b) (driving a motor vehicle without an interlocking device – driver's license restriction) and 24252(a) (failure to maintain lighting equipment – broken taillight). (Dkt. No. 31).

On June 21, 2022, this case was transferred from the calendar of Judge James V. Selna to the calendar of the Hon. Sunshine S. Sykes. (Dkt. No. 32). On June 25, 2022, Judge Sykes duly assumed jurisdiction over this matter for all further proceedings, including trial. (Dkt. No. 33).

On January 4, 2023, the Court approved the parties' stipulation to bifurcate trial. Specifically, the Court ordered a separate trial on the amount of punitive damages, if any, to follow trial of certain enumerated liability and compensatory damages issues. (Dkt. No. 54).

On March 6, 2023, Phase I of this bifurcated action came on regularly for trial in Courtroom 2 of the United States District Court, Central District of California, Eastern Division, located at 3470 Twelfth Street, Riverside, California, the Hon. Sunshine S. Sykes, presiding. The case proceeded with Phase I of trial limited to Plaintiff Jason Gillespie's First Claim for Relief for "Excessive Force" against Joseph Allemand, Plaintiff Jason Gillespie's Second Claim for Relief for "Retaliation for Exercise of Free Speech" against Joseph Allemand, and the predicate question as to whether Plaintiff Jason Gillespie was entitled to punitive damages against Joseph Allemand.

Plaintiff Jason Gillespie appeared by attorney Gregory Peacock. Defendant Joseph Allemand appeared by attorneys S. Frank Harrell and Jonathan A. Arjonilla. A jury of eight persons was regularly impaneled and sworn. Witnesses gave testimony. Documentary, photographic, audio and video evidence were presented and received.

After close of the evidence, the Court duly instructed the jury, and the cause was submitted for their deliberations. On March 9, 2023, the jury returned into Court with a unanimous Special Verdict in favor of Defendant Joseph Allemand, as follows:

**QUESTION 1**:

Did Deputy Joseph Allemand use excessive force on Plaintiff Jason Gillespie?

    Yes_____   No__X__

*If your answer to Question 1 is "No", skip to Question 3.*

*If your answer to Question 1 is "Yes", proceed to Question 2.*

**QUESTION 2**:

    Did Deputy Joseph Allemand's use of force cause Jason Gillespie damages?

    Yes\_\_\_\_\_   No\_\_\_\_\_

*Proceed to Question 3.*

**QUESTION 3**:

    Were Deputy Allemand's actions taken to retaliate against Jason Gillespie's exercise of free speech?

    Yes\_\_\_\_\_   No\_\_X\_\_

*If your answer to Question 3 is "No", skip to Question 6.*

*If your answer to Question 3 is "Yes", proceed to Question 4.*

**QUESTION 4:**

    Would Deputy Allemand have taken the same actions even in the absence of any motive to retaliate against Jason Gillespie for his exercise of free speech?

    Yes\_\_\_\_\_   No\_\_\_\_\_

*If your answer to Question 4 is "No", proceed to Question 5.*

*If your answer to Question 4 was "Yes", skip to Question 6.*

**QUESTION 5**:

Did Deputy Joseph Allemand's retaliation against Jason Gillespie for his exercise of free speech cause Jason Gillespie damages?

Yes_____   No_____

*Proceed to Question 6, following the instructions therein. If Question 6 does not apply, skip all other remaining questions and your Presiding Juror should sign and date this Special Verdict Form.*

**QUESTION 6:**

**Only answer Question 6 if you answered "Yes" to Question 2 or Question 5 and then proceed to Question 7.  For all other answers, or series of answers, skip this and all other remaining questions and your Presiding Juror should sign and date this Special Verdict Form.**

What is the amount of Jason Gillespie's total damages?   $_____

*Continue to Question 7.*

**QUESTION 7:**

Do you find that Deputy Joseph Allemand's conduct was malicious, oppressive, or in reckless disregard of Jason Gillespie's rights?

Yes_____   No__X__

*Your Jury Foreperson should now sign, date, and return this Special Verdict Form once you have reached a unanimous verdict.*

DATED:  March 9, 2023          /s/ [name redacted]
                               **Jury Foreperson**

NOW, THEREFORE, **IT IS ORDERED, ADJUDGED AND DECREED,** as follows:

That Defendants County of Orange and Joseph Allemand shall have Judgment in their favor, and that Plaintiff Jason Gillespie shall take nothing by way of his operative Complaint against these Defendants;

That this matter be, and hereby is, dismissed as to Defendants County of Orange and Joseph Allemand with prejudice; and

That Defendants shall recover their costs of suit from Plaintiff in accordance with applicable law.

**IT IS SO ORDERED**.

DATED: March 27, 2023

_____
**HON. SUNSHINE S. SYKES**
United States District Court Judge

4873-6362-1720, v. 1